FILED
FEB 2 4 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James Leak, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. **12 0299** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, has submitted a petition that he indicates is brought under 28 U.S.C. 2255. However, as grounds for relief, he asserts that he has been "denationalized" apparently because he is confined at "a private facility," Rivers Correctional Institution in Winton, North Carolina, and, thus, is "stateless." Pet. at 5-6. The petition states no grounds for relief under § 2255, which permits:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, [to] move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Because of the restrictions on bringing second or successive petitions, *see* § 2255(h), it is pertinent that a § 2255 motion include all claims that the applicant intends to present to the sentencing court. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (listing warnings courts must provide before recharacterizing "a *pro se* litigant's litigant's motion as a first § 2255 motion.").

Matters pertaining to the execution of a sentence are properly brought under the general habeas provision of 28 U.S.C. § 2241 in the judicial district where the petitioner is confined. *See Stokes v. U.S. Parole Com'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *Rooney v. Sec'y of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located") (internal citations and quotation marks omitted).

Given the ambiguities in the instant petition, and in light of *Castro*, the Court will dismiss this action without prejudice. Petitioner, now forewarned, presumably may file either a § 2255 motion to vacate sentence in the criminal action in this Court, *USA v. Joseph*, 10-cr-165-TFH-9, or a § 2241 petition in the United States District Court for the Eastern District of North Carolina. This civil court would lack jurisdiction over either petition. A separate order accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

DATE: February 22, 2012